COMACHO et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 3, 1902.)

No. 3,127.

CUSTOMS DUTIES—APPRAISAL—FOREIGN MARKET PRICE—METHOD OF DETERMINING.

Act June 10, 1890 (26 Stat. 136), makes it the duty of the appraisers of imports, "by all the reasonable ways and means in their power, to ascertain, estimate and appraise the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported." Held, that the board of general appraisers, in deducting from the price of merchandise when received in the United States all expenses, in order to determine the wholesale price after exportation in the foreign market, proceeded properly, it appearing that they were unable to find an open market price.

Appeal from a Decision of the Board of General Appraisers.

Daniel O'Connell, for importers.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. The material facts are as follows: The importers entered the hides at $5; the local appraiser advanced the value to $6; the appraisal of the general appraiser, affirmed by the board of general appraisers, was $7.50 for each hide. More than a year after the decision of the board of general appraisers the appellants wrote a letter to one of the members of said board, asking him whether the appraising officers in determining the dutiable value of said hides took into consideration the wholesale price at which such or similar merchandise was sold or offered for sale in the United States of America, pursuant to section 11 of the customs administrative act (26 Stat. 136), as amended by the act of July 24, 1897 (30 Stat. 212). In reply Mr. Sharretts wrote a letter in which he stated that the board did take into consideration, as one of the reasonable ways and means of estimating the market value of said hides, the price at which they were sold in the United States, and gave the reason

therefor. In the report of the board to the collector upon the appraisal of the merchandise they stated: We "do hereby certify that in our opinion the actual market value or wholesale price of the said goods, at the time of exportation to the United States, in the principal markets of the country whence imported, was, and we do hereby appraise the same, as follows: [Then follows a description of the goods in suit.]" Counsel for the importer contends that the letter is legal evidence of the doings of the board of appraisers; that it shows they acted illegally in proceeding under section 11 of the customs administrative act, which only applies to goods wholly or partly manufactured; and that, therefore, the entry must be liquidated upon the consular invoice.

Even if this letter could be considered as properly in evidence and competent to show the facts upon which the board made this decision, it fails to show any illegal action on their part. Section 10 of the act of June 10, 1890 (26 Stat. 136), made it the duty of the appraiser, "by all reasonable ways and means in their power, to ascertain, estimate and appraise the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported." It appears from Mr. Sharretts' letter that they were unable to find an open market price, and that they estimated the price of the hides when received in this country after deducting all expenses, for the purpose of determining the wholesale price after exportation in the markets of the country from whence they were imported. It does not appear that this was an unreasonable act on their part. There is no evidence to show that the price was an improper one, or that they acted outside the line of their duty in such appraisement.

The decision of the board of appraisers is affirmed.